**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**AMPARO MATA and**
**ROBERT MATA,**
**as parents of M.M., a minor child,**

    **Plaintiffs,**

**v.**                                                        **No. 12-cv-0136 MCA/SMV**

**BOARD OF EDUCATION OF**
**LAS CRUCES PUBLIC SCHOOLS,**

    **Defendant.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Motion to Compel Discovery [Doc. 38], filed on October 1, 2012. Defendant filed its Response in Opposition to the Motion to Compel [Doc. 42] on October 12, 2012. Plaintiffs filed their Reply in Support of Motion to Compel [Doc. 46] on October 26, 2012. The Court, having read the briefs, and being otherwise fully advised in the premises, finds that the Motion should be GRANTED IN PART and DENIED IN PART.

    I.    <u>The Court will deny the Motion as moot with respect to the statement of Ms. Nelson and Defendant's investigative file.</u>

Plaintiffs sought production of a statement purportedly prepared by M.M.'s teacher, Ms. Nelson, as well as a copy of Defendant's investigative file regarding the accident involving M.M. *See* [Doc. 38] at 3. Defendant asserts that all responsive documents in its possession have been produced:

> The District has not withheld any documentation from Plaintiffs, which could even remotely be responsive to their discovery requests. Once the District was aware of Ms. Nelson's mention of a report it began another search for any documentation which would either confirm or negate the testimony by Ms. Nelson. [That search] failed to uncover anything additional to what has previously been provided to Plaintiffs.

[Doc. 42] at 1. *See also* Affidavit of Todd Gregory, District Coordinator for Safety and Security, [Doc. 42] at 3, ¶ 5 ("I did not investigate or prepare any investigative report as a result of this occurrence nor did I request that any school personnel prepare any report and do not have one related to this incident."). Defendant's representations—that it has no formal investigative file or statement prepared by Ms. Nelson—have not been rebutted by Plaintiffs. *See* Plaintiffs' Reply in Support of Motion to Compel [Doc. 46]. The Court therefore determines that the Motion to Compel is moot with respect to those issues and should be DENIED.

    II.    <u>The Court will grant the Motion to Compel with respect to Interrogatory No. 8.</u>

Plaintiffs ask the Court to compel Defendant to serve a supplemental answer to Interrogatory 8, which asked Defendant to explain the facts upon which it based three affirmative defenses raised in the Answer. The interrogatory and Defendant's answer were as follows:

> <u>Interrogatory 8</u>: Please explain all facts upon which you base assertion of (a) LCPS Fourth Affirmative defense; (b) LCPS Fifth Affirmative defense; (c) LCPS Eighth Affirmative defense.
> <u>Answer</u>: The District objects to this Interrogatory on the grounds that it is premature and cannot be appropriately answered at this early juncture of the litigation process. Discovery in this matter has only just begun and the District requires additional time to gain sufficient knowledge, information and facts necessary to support its affirmative defenses. The District is entitled to assert affirmative defenses and maintain and/or withdraw such defenses throughout the litigation based upon the development and discovery of facts and information through discovery. If the District later determines that any of the affirmative defenses asserted in its Answer are no longer viable, such defenses will be

> withdrawn as appropriate. The District reserves the right to amend and/or supplement this Answer as discovery progresses.

[Doc. 38] at 5.

Defendant did not respond to Plaintiffs' Motion as it pertains to Interrogatory 8. *See generally* Response in Opposition to the Motion to Compel [Doc. 42]. The Court agrees that Defendant's answer is insufficient. The Court will therefore GRANT the Motion to Compel with respect to this issue and order Defendant to serve a supplemental Answer to Interrogatory No. 8 within ten days of entry of this Order.

       III.       The Court will deny the remainder of Plaintiffs' Motion to Compel.

Plaintiffs ask the Court to afford relief beyond compelling Defendant to respond to their discovery. Specifically, Plaintiffs ask the Court to order that Defendant's response (that it has no formal investigative file) be considered a stipulation at trial, or alternatively, an admission that no formal investigation of the accident involving M.M. was undertaken by Defendant. *See* [Doc. 46] at 2. Similarly, with respect to Interrogatory No. 8, Plaintiffs ask the Court, in the alternative, to order that the affirmative defenses in question be deemed withdrawn. *Id.* at 2–3. The Court will deny those requests without prejudice. Such requests should be addressed to the trial judge through motions in limine.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' Motion to Compel [Doc. 38] is:

1. **DENIED in part** with respect to the statement by Ms. Nelson and Defendant's investigative file;

2. **GRANTED in part** with respect to Plaintiffs' Interrogatory No. 8.  Defendant shall serve a supplemental Answer to Interrogatory No. 8 within **ten days** of entry of this Order; and

3. **DENIED in part**, without prejudice, with respect to the remaining relief Plaintiffs request.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**