IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

AMPARO and ROBERT MATA,

        Plaintiffs,

vs.                                                     No. 12-CV-00136 MCA/SMV

BOARD OF EDUCATION OF
LAS CRUCES PUBLIC SCHOOLS,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court upon Defendant's motion to dismiss.[Doc. 26]  By its motion, Defendants seeks dismissal of the Complaint pursuant to Fed. Civ. P. Rule 12(b)(1) and (6). The Court has considered the parties' written submissions,  the record in this matter and the applicable law, and is otherwise fully advised.  For the reasons set out below, the Court **denies** Defendant's motion to dismiss.

### DISCUSSION

**Background**

Plaintiffs are the parents of a young girl, M.M.  Defendant is the local entity charged under New Mexico law with the administration of Las Cruces Public Schools, including Hermosa Heights Elementary School, where M.M. was a student at the times material to the Complaint.  This  case arises from a January 13, 2010 incident in which M.M. fell in a school hallway, seriously injuring her left leg.

**Plaintiffs' First Claim for Relief (Negligence)**

Because Defendant is a local public body, *Daddow v. Carlsbad Mun. Sch. Dist.*, 120 N.M. 97, 103 (1995), Plaintiffs' negligence claim implicates sovereign immunity, NMSA 1978, §

41-4-4(A).  To plead a viable negligence claim against a governmental entity, Plaintiffs must allege facts that (1) constitute a common-law claim of negligence and (2) bring the common-law claim within a statutory exception to sovereign immunity.  In the present case, Plaintiffs rely on the waiver of sovereign immunity for "damages resulting from bodily injury. . . caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building. . . ."  Section 41-4-6.  Defendant's motion to dismiss therefore requires the Court to address the common-law sufficiency of Plaintiff's First Claim for Relief negligence pursuant to Rule 12(b)(6) and the jurisdictional aspect of this claim pursuant to Rule 12(b)(1).

Fed. Civ. P. Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In ruling on a motion to dismiss brought pursuant to Fed. Civ. P. Rule 12(b)(6), a court decides whether the allegations of the plaintiff's complaint are legally sufficient to state a claim upon which relief may be granted under the standard of Rule 8(a)(2).  *Phillips v. Bell*, 365 Fed. Appx. 133, 137-38 (10th Cir. 2010) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41 (1957):  a complaint was subject to dismissal pursuant to Rule 12(b)(6) only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210 (10th Cir. 2011) (quoting *Conley*, 355 U.S. at 45-46;  internal quotation marks omitted).  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), the Court retired *Conley*'s test, replacing it with a new standard:  "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a

claim to relief that is plausible on its face.'" *Collins*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 570)). In applying this standard, a court accepts as true all "plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint. *Shrader v. A1 Biddinger,* 633 F.3d 1235, 1243 (10th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556U.S. 662, __, 129 S. Ct. 1037, 1949 (2009). Moreover, "'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim" that "'raise a right of relief above the speculative level." *Collins*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555). In short, in ruling on a 12(b)(6) motion, "a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

Rule 12(b)(1) motions to dismiss may be either "facial" or "factual." *Muscogee (Creek) Nation v. Okla. Tax Comm'n* , 611 F.3d 1222, 1227 n.1 (2010). In the present case Defendant has not supported its motion with affidavits or other evidence, instead relying solely on the arguments of counsel to support its jurisdictional attack on the Complaint. "[O]f course, the argument of counsel is not evidence. . . .". *Pinkerton v. Colo. Dept. of Transp.*, 563 F.3d 1052, 1061 (10th Cir. 2011). In view of Defendant's failure to support its Rule 12(b)(1) motion with evidence outside the Complaint, the Court construes Defendant's motion as presenting a facial attack. In a facial attack, the Court reviews the jurisdictional allegations of the Complaint under the same standards as a 12(b)(6) motion. *Muscogee (Creek) Nation,*611F.3d at 1227 n.1.

Defendant's 12(b)(6) challenge to Plaintiff's negligence count focuses on the element of

causation. Under a reasonably sympathetic reading of the Complaint, there can be no doubt that Plaintiffs adequately pleaded causation. Plaintiffs have alleged that "M.M. fell to the hallway floor and broke her left femur bond when her crutch caught or slipped on the loose children's clothing/belongings scattered on the hallway floor." [Doc. 1 at 9, ¶ Only a wilfully obtuse reader could fail to understand that Plaintiffs are alleging that M.M.'s injury was caused by the presence of clothing/belongings scattered on the hallway floor.

Defendant points out that Plaintiffs have alleged that "[Defendant's] failure to implement M.M.'s 504 plan on January 13, 2010. . . was a direct cause of M.M.'s entry into and present in the school hallway and resulting fall and injury. . . ." Based on this allegation, Defendant argues that the failure to implement M.M.'s 504 plan, rather than the negligent failure to maintain a clear hallway, was "the" cause of M.M.'s injury. There are two answers to this argument. First, New Mexico law recognizes that there may be more than one proximate cause of an event. See NMRA 13-305 (defining proximate cause; stating that "[an act] is sufficient if it occurs *in combination with* some other cause to produce the result") (emphasis added). Second, Federal Civil Procedure Rule 8(d)(2) expressly allows alternative statements of a claim, while Rule 8(d)(3) expressly allows a plaintiff to plead mutually inconsistent claims. Plaintiffs therefore are allowed to plead that M.M.'s injuries were caused by the littered hallway for purposes of their negligence claim, and that M.M.'s injuries were caused by the failure to implement her 504 plan for purposes of their discrimination claims.

Defendant's Rule 12(b)(1) argument that Plaintiffs have not pleaded a claim that falls within a waiver of sovereign immunity is deficient in two respects. First, as the Court construes the Complaint, Plaintiffs have pleaded a classic slip-and-fall premises liability claim falling

squarely within the language of § 41-4-6. Maintaining a cluttered hallway as alleged in the complaint could constitute a breach of the duty of care owed to users or visitors. See NMRA 13-1309 (describing duty of owner of premises to use ordinary care to keep the premises safe for use by visitors); 13-1315 (defining duty of landlord to keep stairs, hallways and other common premises in a safe condition). Second, even if the Court were to consider Plaintiffs' negligence claim as incorporating Plaintiffs' allegations of failure to properly implement M.M.'s 504 plan, the Court would find a waiver of sovereign immunity under the authority of *Upton v. Clovis Municipal School District*, 140 N.M. 205 (2006) ("Just as schools generally have safety procedures in place for various kinds of emergencies, a school simply cannot operate in a safe, reasonable, and prudent manner without affording, at the very least, the health and safety services that students have been promised, and upon which parents have relied."). Indeed, given that M.M.'s condition affects her ability to safely use the physical structure of the school building, the applicability of § 41-4-6 to M.M.'s fall in an allegedly cluttered hallway seems even clearer than its applicability in *Upton*, where the plaintiff's claim was not based in any way on a dangerous condition in the physical structure of the school.

    Defendant's Rule 12(b)(1) argument that Plaintiffs have not alleged facts demonstrating timely compliance with the notice provision of the Tort Claims Act, § 41-4-16(A) is largely disposed of by *Rider v. Albuquerque Public Schools*, 122 N.M. 237 (Ct. App. 1990). *Rider* held that a six-year old child's minority tolled the running of the ninety-day notice period of the TCA, and this was so even though the Child's adult representatives were fully capable of acting for her. Here, the Complaint alleges M.M.'s young age [Doc. 1 at 4, ¶ 3], and there is nothing in the Complaint or the record suggesting that M.M. is sufficiently precocious that she would be

capable of personally asserting her legal rights.  Accordingly, under *Rider*, the TCA's notice provision is tolled during M.M.'s minority.  Further, § 41-4-16(B) may be satisfied by actual notice of the occurrence, received by the governmental entity within the time provided for giving notice. For purposes of subsection (B), actual notice means "notice of a likelihood that litigation may ensue, not merely notice of the underlying occurrence." *Callaway v. New Mexico Department of Corrections*, 117 N.M. 637, 640 (Ct. App. 1994).  Plaintiffs' Complaint clearly provides the requisite notice of both the incident and the prospect of litigation; the notice of removal, to which the Complaint is attached shows that Defendant has received the Complaint; and, as previously noted, the running of the ninety day period for giving notice has been tolled by M.M.'s minority.  The Court finds that these circumstances establish that Defendant received legally-sufficient actual notice prior to the expiration of the ninety-day notice period. *See Griego v. New Mexico State Police*,  No. CIV 09-599 BB/ACT, slip op. at 2-8 [Doc. 42] (D.N.M.  Feb. 23, 2010).

**Plaintiffs' Second and Third Claims for Relief (discrimination on the basis of disability)**

  Defendant argues that Plaintiffs' Second and Third Claims for relief under § 504 of the Rehabilitation Act and the Americans with Disabilities Act are barred by an accord an satisfaction based on a Resolution Agreement entered into by Defendant and Plaintiffs.  The Court agrees with Plaintiffs that this part of Defendant's motion to dismiss is procedurally flawed.  Whether the Resolution Agreement referred to by Defendant bars Plaintiffs' claims will likely present disputed questions of fact as to which Defendant will bear the burden of proof. *Farmington Police Officers Assn. v. City of Farmington*,  139 N.M. 750  (Ct. App. 2006) (holding that the party seeking enforcement of a contract bears burden of establishing that its

interpretation controls; applying Restatement (Second) Contracts § 201 (Whose Meaning Prevails); *Kimberly, Inc. v. Hays*, 88 N.M. 140 (1975) (holding that accord and satisfaction is an affirmative defense as to which party asserting defense bears the burden of proof). The Resolution Agreement is not in the record, and the arguments of Defendant's counsel in support of this affirmative defense are not evidence. *Pinkerton*, supra. Resolution of this affirmative defense must be deferred until Defendant brings a properly supported motion for summary judgment.

**CONCLUSION**

Defendants motion will be denied in all respects.

**IT IS THEREFORE HEREBY ORDERED** that Defendant's Motion to Dismiss [Doc. 26] be and hereby is **denied**

So ordered this 15th day of February, 2013.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**